UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MOLLY HEAD and JAMES HEAD, a marital community,<br><br>Plaintiffs,<br><br>v.<br><br>THE HOME DEPOT U.S.A., INC., a foreign corporation,<br><br>Defendant. | No.<br><br>COMPLAINT FOR DAMAGES |

COMES NOW the Plaintiffs Molly Head and James Head, by and through their attorneys, Becker Franklin Rovang, PLLC, by Ian H. De Verna, and allege as a Complaint against the above-captioned Defendant as follows:

## I.   PARTIES

1.1   Plaintiffs Molly Head and James Head were wife and husband residing in Bremerton, Kitsap County, Washington, at all times material hereto.

1.2   Upon information and belief after reasonable inquiry, Defendant The Home Depot U.S.A., Inc. ("Home Depot"), was a Delaware Corporation registered to do business in the State of Washington at all times material hereto.

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 1

**BECKER FRANKLIN ROVANG, PLLC**
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

1.3     Defendant Home Depot's Registered Agent is Corporation Service Company, 300 Deschutes Way SW, Suite 208, MC-CSC1, Tumwater, Washington, 98501.

1.4     Upon information and belief, Defendant Home Depot has been registered as a Delaware Corporation and has been doing business in Kitsap County, Washington, as "The Home Depot."

## II.     JURISDICTION AND VENUE

2.1     Plaintiffs Molly Head and James Head were residents of Bremerton, Kitsap County, Washington, at all times material hereto.

2.2     Upon information and belief after reasonable inquiry, Defendant Home Depot was a Delaware Corporation registered in and doing business in Kitsap County, Washington, at all times material hereto.

2.3     Personal Jurisdiction exists because all acts or omissions by Defendant Home Depot occurred in Kitsap County.

2.4     Venue properly lies in Kitsap County because Defendant Home Depot transacts business in Kitsap County and all acts or omissions by Defendant took place in Kitsap County, Washington.

2.5     This Court has jurisdiction of this matter pursuant to the provisions of 28 USC § 1332(a)(1) [Diversity of Citizenship].

2.6     Plaintiffs' claims exceed $75,000.00 in value.

2.7     This Court has jurisdiction as this matter was previously filed in Kitsap County, Washington, Superior Court and removed to this Court on November 2, 2018, based on the diversity of the parties' citizenship and the amount in controversy pursuant to 28 USC § 1332(a)(1). Wherein, this Court previously ordered that the case be voluntarily dismissed based upon the stipulation of the parties. The previous case number is 3:18-CV-05892-RJB.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 2

**BECKER FRANKLIN ROVANG, PLLC**
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

## III.  FACTS

3.1 On or about March 26, 2018, Plaintiff Molly Head was a business invitee at Defendant Home Depot, Store # 4741, located at 21750 Market Place NW, Poulsbo, Washington.

3.2 Defendant Home Depot, Poulsbo store, contained a lawn and garden center at all times material hereto. In this area of the store, customers may shop for plants, flowerpots, and other items related to the lawn and garden.

3.3 Defendant Home Depot displayed plants in the lawn and garden area of their store. The plants were on table racks that were made of heavy plastic that allowed for drainage after watering. These plastic racks rest upon plant drain racks fastened to the concrete floor with metal bases/feet.

3.4 The tables that rested upon the plant drain racks were moveable and could move independently and over the plant drain racks. Depending on where the table was located, more or less of the plant drain rack bases/feet protruded into the aisle where customers walked.

3.5 Defendant Home Depot did not provide any warning of the danger posed by the protruding plant drain rack bases/feet. Defendant Home Depot did not mark or color the plant drain rack bases/feet in any way that would be noticeable to an invitee.

3.6 The plant display structure described in paragraphs 3.1 – 3.5, consisting of the plant drain rack and table rack, is defined by the picture attached as Exhibit A, except that the plant drain rack bases/feet were staggered in different positions and protruded more or less into the aisle.

3.7 Defendant Home Depot built the plant display structure described in paragraphs 3.1 – 3.5 and largely defined by the picture attached as Exhibit A.

3.8 Defendant Home Depot owned the plant display structure described in paragraphs 3.1 – 3.5 and largely defined by the picture attached as Exhibit A.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 3

BECKER FRANKLIN ROVANG, PLLC
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

3.9     Defendant did not rely on anyone in designing the plant display structure described in paragraphs 3.1 – 3.5 and largely defined by the picture attached as Exhibit A.

3.10    Defendant is solely responsible for the placement of the plant display structure, described in paragraphs 3.1 – 3.5 and largely defined by the picture attached as Exhibit A, on March 26, 2018.

3.11    On March 26, 2018, as Plaintiff Molly Head was shopping at Defendant's Poulsbo Home Depot store, she entered the garden area. While walking down an aisle in the garden area, Plaintiff Molly Head tripped over one of the metal bases/feet of the plant display structure, described herein-above, that was protruding out in the aisle and suffered personal injuries.

### IV. NEGLIGENCE

4.1     At the time of the incident described herein-above, Defendant Home Depot owned and controlled The Home Depot store located at 21750 Market Place NW, Poulsbo, Washington.

4.2     At the time of the incident described herein-above, Defendant Home Depot occupied The Home Depot store located at 21750 Market Place NW, Poulsbo, Washington.

4.3     At the time of the incident described herein-above, Defendant Home Depot supervised and managed The Home Depot store located at 21750 Market Place NW, Poulsbo, Washington.

4.4     At the time of the incident described herein-above, the Poulsbo Home Depot store was under the care and maintenance of Defendant Home Depot.

4.5     At the time of the incident described herein-above, Defendant Home Depot had no lease exonerating Defendant from legal liability, or a duty of care owed to Plaintiff.

4.6     At the time of the incident described herein-above, Plaintiff was a business invitee.

4.7     At the time of the incident described herein-above, Plaintiff was not a trespasser.

4.8     At the time of the incident described herein-above, Plaintiff was not a licensee.

4.9     Defendant Home Depot built the plant display structure described herein-above.

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 4

**BECKER FRANKLIN ROVANG, PLLC**
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

4.10    Defendant Home Depot is solely responsible for the placement the plant display structure was in at the time of the incident described herein-above.

4.11    At the time of the incident described herein-above, Defendant Home Depot had a duty to:

(a) Provide safe and adequate maintenance of the premises that Defendant was holding open for business;

(b) Provide invitees and/or customers with warning signs regarding unsafe areas conditions and hidden dangers;

(c) Have a system in place to provide warnings to invitees or customers by roping off, taping off, and or utilizing safety cones to mark unsafe conditions or hidden dangers;

(d) Inspect and discover dangerous conditions on the premises that Defendant was holding open for business;

(e) Eliminate unsafe conditions on its premises once its employees became aware or should have become aware of unsafe conditions;

(f)  Ensure that invitees/customers receive adequate warning of known unsafe conditions so as to protect invitees/customers from injury.

4.12    Defendant breached its duties as set forth in paragraphs 3.1 through 4.11.

4.13.   As a direct and proximate cause of Defendant's breaches set forth in paragraphs 3.1 through 4.12, Plaintiff Molly Head suffered personal injuries and Plaintiff James Head suffered injury to his relationship with Plaintiff Molly Head and the loss of society and loss of consortium.

4.14    Defendant either knew or should have known through the exercise of reasonable care that there existed a condition, as described in this Complaint, that involved an unreasonable risk of harm to persons of a class such as Plaintiff, i.e., to public invitees of The Home Depot, and that persons such as Plaintiff would not realize the danger and would fail to protect themselves against it.

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 5

**BECKER FRANKLIN ROVANG, PLLC**
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

4.15    Plaintiffs were without negligence of any kind or nature whatsoever and did not contribute to their own injuries or damages in any way.

4.16    Defendant is the only "at fault" entity or person, as this term is defined in RCW 4.22.015, for the subject incident that occurred on March 26, 2018. There is no non-party "at fault" persons or entities who are in any way or percentage "at fault" for the subject incident and/or Plaintiffs' injuries and damages.

## V. DAMAGES

5.1    As a direct and proximate cause of the negligence of Defendant Home Depot, Plaintiff Molly Head suffered the following damages:

    5.1.1    Physical injuries and physical disabilities to her body, the full extent and nature of which will be shown at the time of trial;

    5.1.2    Emotional distress, pain and suffering, past, present, and future, the full extent and nature of which will be shown at the time of trial;

    5.1.3    Loss of capacity and ability to enjoy life;

    5.1.4    Wage loss and/or diminished earning capacity in an amount to be proven at the time of trial;

    5.1.5    Medical and injury-related expenses incurred to date and to be incurred in the future, in an amount to be proven at the time of trial;

    5.1.6    An increased susceptibility to additional injuries in the future;

    5.1.7    Out-of-pocket expenses in an amount to be proven at the time of trial; and

    5.1.8    Loss of pre-judgment interest on all economic damages.

5.2    As a direct and proximate cause of the negligence of Defendant Home Depot, Plaintiff James Head suffered emotional damages, including, but not limited to, loss of consortium, loss

COMPLAINT FOR PERSONAL INJURIES
AND DAMAGES - 6

BECKER FRANKLIN ROVANG, PLLC
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

of society, loss of companionship, and loss of enjoyment of life, the full extent and nature of which will be shown at the time of trial.

## IV.  PRAYER FOR RELIEF

WHEREFORE Plaintiffs seek the following relief and prays for judgment against Defendant as follows:

a) For a judgment of liability against Defendant for the tortious conduct described herein;

b) For a full award of economic and non-economic damages suffered by Plaintiffs;

c) For an award of taxable costs;

d) For an award of reasonable attorneys' fees;

e) For pre-judgment interest on such economic and non-economic damages as the law allows, at the maximum allowable rate; and

f) For such other and further relief as the Court deems just and equitable.

DATED this 18th day of March, 2021.

BECKER FRANKLIN ROVANG, PLLC

_____
IAN H. DE VERNA, WSBA #49784
Attorney for Plaintiffs

COMPLAINT FOR PERSONAL INJURIES AND DAMAGES - 7

BECKER FRANKLIN ROVANG, PLLC
1730 Pottery Avenue, Suite 210
Port Orchard, WA 98366
TEL: (360) 876-4800 FAX: (360) 602-0479

# EXHIBIT A

